Balcom, J., (dissenting.)
The agreement between the plain- , tiff and Vandermark constituted the latter bailee of the horse at the time it was taken and converted by the defendant. Bailment is defined to be, “a delivery of a thing in trust for some special object or purpose, and upon a contract expressed or implied, to conform to the object or purpose of the trust.” (Story on Bailments, § 2.); Edwards says: “ The general rule seems to be, that the delivery of goods for use, keeping, or on some other trust, where the right of property in them does not pass, creates a bailment; the bailee it is true acquires a special property in them, sufficient to enable him to defend them against a stranger, but the right to a chose in'action remains hr the bailor.” (Edwards on Bailments, 34.)
The title to the horse was all the time in the' plaintiff; but Vandermark had possession of it under an agreement that he might use it, and become the owner of it by paying .the plaintiff a certain sum therefor by a specified time; which time had not arrived when the horse was taken and converted by the defendant, or when Vandermark brought his action. The bailment continued until Vandermark allowed the day to pass, he had for paying for the horse, without doing so.
The plaintiff could have sued the defendant for taking and converting the horse before, or at the time Vandermark brought his action. Judge Cowen says: “In general, where goods bailed, are converted by a stranger, either the bailor or bailee ■ may bring trover; but they cannot both have an action at the *595 same time; and the one first bringing his action, determines the right of the other, who cannot then sue, and a recovery by one bars the other.” (1 Cowen Tr., 2d ed., 285; Smith v. James, 7 Cowen, 328; Greene v. Clarke, 2 Kern., 343.)
It seems to me’to be very plain that the recovery by Vandermark was a bar to the plaintiff’s action. The defendant was a stranger to the agreement, under which the plaintiff delivered the horse tp Vandermark; and it is not at all material that he undertook to justify the taking and conversion of the horse by virtue of an execution against Vandermark’s property, or that the latter recovered the value of the horse, on the ground tjiat it was exempt from levy and sale on execution, for the defendant had no more right to take and sell the horse on the execution, as"Vandermark’s property, than as the property of a third person; and the case is the same as it would have been, if the execution had been against the property of a stranger, who never had any interest in the horse. It is only when the defendant can successfully defend an action, brought by the 'bailee, that the bailor can sue notwithstanding the prior action by the bailee. When the bailee recovers, he holds the money recovered in trust for the bailor in lieu of the property.
Now as either the plaintiff or Vandermark had the right to sue the defendant for converting the borse, the judgment recovered by Vandermark was a bar to this action.
It would be very unjust to the defendant were the law otherwise ; for he "would be compelled to pay for the horse twice,. and be legally harassed with two actions, when he took and sold the horse in good faith, supposing it was the property of Vandermark, and liable to seizure on execution against his property. Fortunately for the defendant, the law does not dp him this wrong. For this reason, I am of the opinion the judgment of the Supreme Court should be reversed, and that of the County Court affirmed.
Emott and Rosekrans, Js., concurred in the conclusion arrived at by Balcom, J.
Judgment affirmed.